1  Douglas J. Rovens (State Bar # 106582)
   drovens@ssd.com
2  Jeffrey S. Renzi (State Bar # 221963)
   jrenzi@ssd.com
3  SQUIRE, SANDERS & DEMPSEY L.L.P.
   555 S. Flower St., 31st Floor
4  Los Angeles, CA 90071
   Telephone:    (213) 624-2500
5  Facsimile:    (213) 623-4581

6  Attorneys for Defendant
   4ACCESS COMMUNICATIONS COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 | VAL POPESCU, an individual;                       | **Case No. 08 CV 525 H LSP**
12 |                Plaintiff,                          | [Related to Case No. 07 CV 00063 JAH POR;
   |                                                    | and Case No. 06 CV 2709 JM RBB]
13 |     vs.                                            |
   |                                                    | **NOTICE OF RELATED CASES**
14 | 4ACCESS COMMUNICATIONS
   | COMPANY, a Delaware corporation, and
15 | DOES 1 through 10, inclusive,                      | [Civil Local Rule 40.1(e)]
16 |                Defendants.                         |

| | |
|---|---|
| 1 | Defendant 4ACCESS COMMUNICATIONS COMPANY ("4Access") files this Notice of Related Cases with the clerk of the Court as required by Civil Local Rule 40.1(e). The undersigned, counsel of record for 4Access, certifies that the following listed cases are related to this action: |

- *Val Popescu v. 4Access Communications, et al.*, United States District Court for the Southern District of California (the "Southern District") Case No. 07 CV 00063 JAH POR, filed in the Superior Court of the State of California, County of San Diego (the "Superior Court"), on November 2, 2006, and removed to the Southern District on January 10, 2007 ("*Popescu I*"); and

- *Prodata MicroElectronics, Inc. v. 4Access Communications, et al.*, Southern District Case No. 06 CV 2709 JM RBB, filed in the Superior Court on November 1, 2006, and removed to the Southern District on December 14, 2006 ("*Prodata*").

Pursuant to Civil Local Rule 40.1(e), undersigned counsel of record states that this action is related to the above-referenced cases in that all of the cases arise from the same closely-related transaction, happening or event; they call for the same or substantially-related or similar questions of law and fact; and they would entail substantial duplication of labor if heard by different judges.

This action qualifies for related case transfer because it involves the same parties and arises out of the identical events and circumstances as the above-referenced cases. Specifically, the instant action concerns alleged wrongful failure to pay Plaintiff wages allegedly earned. The *Popescu I* matter involved a similar claim for wages, and the *Prodata* matter involved money allegedly owed by Plaintiff to 4Access.

Dated: March 21, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Douglas J. Rovens
Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/262208.1

# PROOF OF SERVICE
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On March 24, 2008, a copy of the following document(s):

**NOTICE OF RELATED CASES**

was served on:

Gregory P. Goonan, Esq.
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, California 92101-3352
Telephone: (619) 446-5661
Facsimile: (619) 515-1197
ggoonan@affinity-law.com

Service was accomplished as follows.

☒ **By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By Electronic Means.** On the above date, I filed the above-mentioned document(s) by electronic means with the Court. As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 24, 2008, at Los Angeles, California.

Phannie Tsui