Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA  92101
Tel:  619-702-4335
Fax:  619-243-0088

Attorneys for Plaintiff
VAL POPESCU

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL POPESCU, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation, and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No.  08 CV 525 JM (RBB)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1.   BREACH OF CONTRACT -  UNPAID WAGES**<br>**2.   LABOR SUPPLIED**<br>**3.   WAGE AND HOUR VIOLATIONS**<br>**4.   WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**<br>**5.   BREACH OF CONTRACT – STOCK OPTIONS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Val Popescu ("POPESCU") alleges as follows for his first amended complaint against Defendant 4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation ("4ACCESS") and DOES 1-10 inclusive, and each of them, as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for breach of contract, labor supplied, wage and hour violations, and wrongful discharge in violation of public policy arising because defendant 4ACCESS has failed and refused to pay POPESCU wages and compensation which he is entitled to receive for

---

*FIRST AMENDED COMPLAINT*

- 1 -

work he performed as an employee of 4ACCESS, and because 4ACCESS terminated POPESCU in violation of the public policy of the State of California in retaliation for his filing of an earlier lawsuit to collect past due wages.  By this action, POPESCU also seeks specific performance of a series of contracts pursuant to which 4ACCESS is obligated to issue 145,000 shares of its stock to POPESCU.

2.      As explained more herein, from March 1, 2004 through January 10, 2007, POPESCU was employed by 4ACCESS as an at-will employee pursuant to a written employment offer made to POPESCU by 4ACCESS.

3.      Even though POPESCU performed all of his job functions at all relevant times as requested and demanded by 4ACCESS, 4ACCESS has failed and refused to pay POPESCU the wages and compensation to which he is entitled for his work despite repeated demands by POPESCU for payment.

4.      On November 2, 2006, POPESCU filed a lawsuit against 4ACCESS to recover compensation, wages and payments that 4ACCESS owed to POPESCU pursuant to a written employment contract that was in existence between POPESCU and 4ACCESS prior to March 4, 2004.  4ACCESS, without reason or justification, terminated POPESCU's employment in retaliation for the filing of such earlier lawsuit.

5.      The wrongful actions of 4ACCESS as summarized above and described in more detail herein constitute a breach of contract, failure to pay for labor provided, and a violation of the wage and hour laws of the State of California.  4ACCESS's termination of POPESCU was done in violation of the fundamental public policy of the State of California.

6.      Starting in July 2002 and continuing through June 30, 2006, 4ACCESS granted various stock options to POPESCU.  Pursuant to such stock options, POPESCU was granted the right to purchase the amount of stock specified in the option for the prices set forth in the options.

7.      POPESCU's right to purchase all of the stock identified in the referenced stock options has vested.  POPESCU has made demand on 4ACCESS to issue the referenced stock to him and has offered to pay the purchase price for the issuance of such stock to him, but 4ACCESS has failed and refused, and continues to fail and refuse, to issue to POPESCU the stock which he

is entitled to receive pursuant to his stock options.

8. By this action, POPESCU seeks to recover compensatory damages and punitive damages for the harm and injuries he has suffered because of 4ACCESS's wrongful acts, as well as appropriate statutory penalties and an award of attorneys' fees and costs to the maximum extent permitted by law. POPESCU also seeks a judgment of specific performance from the Court requiring 4ACCESS to issue to POPESCU the stock he is entitled to receive pursuant to the stock options issued to him.

## THE PARTIES AND VENUE

9. Plaintiff POPESCU is an individual who resided in San Diego, California within this judicial district at all relevant times.

10. Defendant 4ACCESS is a Delaware corporation who at all relevant times maintained a principal place of business at 12707 High Bluff Drive, San Diego, California within this judicial district.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-10, inclusive, and each of them, are unknown to POPESCU who therefore sues these defendants by such fictitious names. POPESCU asserts that each of the defendants designated herein as a Doe is responsible in some manner for the events and happenings referred to herein and caused injuries and damages proximately thereby and thereto to POPESCU, who therefore sues defendants by such fictitious names. POPESCU will seek leave of court to amend this Complaint to allege the true names and capacities of the Does when the same have been ascertained.

12. POPESCU is informed and believes, and upon such information and believe alleges, that at all times relevant to this action, each of the defendants, including Does 1-10, inclusive, were responsible for the acts and omissions alleged in this complaint, and that POPESCU's damages, both existing and prospective, are, were and will be proximately caused by the acts and omissions of the defendants, including Does 1-10.

13. POPESCU is informed and believes, and upon such information and belief alleges, that each defendant, including Does 1-10, inclusive, was at all relevant times acting as the agent,

servant, contractor, employee, principal, employer and/or co-conspirator of each remaining defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, servitude and employment, and/or in furtherance of such conspiracy, and with the knowledge, consent and ratification of each co-defendant. At all relevant times, the officers, directors and/or managing agents authorized or ratified the wrongful acts alleged herein, and/or were personally responsible for these acts.

14. The defendants, and each of them, were and are engaged in a conspiracy pursuant to which they have agreed among themselves to commit wrongful acts and together have perpetrated the plan, scheme and acts alleged herein. All of the defendants, with knowledge and substantial assistance to one another, have aided and abetted each other in the conduct of their illicit conspiracy.

15. POPESCU is informed and believes, and upon such information and belief alleges, that there exists, and at all times herein mentioned there existed, a unity of interest in ownership between Does 1-10 on the one hand and defendant 4ACCESS on the other hand, such that any individuality and separateness between Does 1-10 and 4ACCESS has ceased. 4ACCESS is thereby the alter ego of Does 1-10 such that 4ACCESS is and at all times herein mentioned was a mere shell, instrumentality, and conduit through which Does 1-10 carried on business in a corporate name.

16. POPESCU is informed and believes, and upon such information and belief alleges, that Does 1-10 exercised complete control and dominance of 4ACCESS to such an extent that any individuality or separateness of 4ACCESS from Does 1-10 does not and at all times herein mentioned did not exist.

17. Adherence to the fiction of the separate existence of 4ACCESS as an entity distinct from Does 1-10 would permit an abuse of the corporation privilege and produce an inequitable result in that Does 1-10 manipulated the assets of 4ACCESS for their personal benefit and used 4ACCESS as a shield from any responsibility or liability. DOES 1-10 acted in illicit manners under the purported shield of corporate officers for 4ACCESS with the intent to prevent

---

*FIRST AMENDED COMPLAINT*
- 4 -

POPESCU from recovering wages earned.

18. After inducing POPESCU to accept a position of employment with 4ACCESS, Does 1-10, who on information and belief also acted as corporate officers, directors and/or fiduciaries of 4ACCESS, conspired to manipulate and to coerce the corporate operations and profits of 4ACCESS such that POPESCU was not paid, and could never recover, the wages earned and which POPESCU was entitled to be paid, during his employment with 4ACCESS by reason of the defendants' efforts to disguise the corporate operations and hide profits and cash flow from POPESCU.

19. POPESCU originally commenced this action in the Superior Court of the State of California, County of San Diego on January 9, 2008. Thereafter, 4ACCESS removed this action to this Court on March 20, 2008.

20. 4ACCESS is subject to personal jurisdiction and venue in this Court because of its removal of the state court action. 4ACCESS also is subject to personal jurisdiction in this Court because it does business in the State of California and within this judicial district, and is subject to venue in this Court pursuant to 28 U.S.C. § 1391(a).

21. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

**GENERAL ALLEGATIONS**

22. Beginning on March 1, 2004. POPESCU was employed by 4ACCESS as an at-will employee with an annual salary of $175,000.00. The salary to be paid by 4ACCESS to POPESCU, and the terms and conditions of POPESCU's employment by 4ACCESS, were established by a written employment offer made by 4ACCESS to POPESCU prior to the commencement of his employment.

23. POPESCU at all relevant times performed the services required and demanded by 4ACCESS.

24. 4ACCESS failed and refused, and continues to fail and refuse, to pay POPESCU

*FIRST AMENDED COMPLAINT*
- 5 -

the wages and compensation he earned and which he was entitled to be paid even though POPESCU has made repeated demand on 4ACCESS for payment.

25.     On November 2, 2006, POPESCU filed a complaint seeking to recover unpaid compensation which he was entitled to be paid pursuant to a written employment contract between POPESCU and 4ACCESS prior to March 4, 2004.

26.     In response to, and as a direct and proximate result of POPESCU's filing of such complaint, 4ACCESS terminated POPESCU's employment on January 10, 2007.

27.     POPESCU is presently owed back wages of at least $137,583.16, plus interest at the maximum legally permissible rate, for work performed on an at-will basis between February 28, 2004 and the date of his termination on January 10, 2007.

28.     POPESCU also is entitled to all applicable fines and penalties to be assessed under common law and/or statute, subject to proof at time of trial.  POPESCU has been forced to retain counsel to bring this action and enforce his rights and consequently is entitled to an award of attorneys' fees to the maximum extent permitted by law.

29.     On March 1, 2002, 4ACCESS issued a stock option to POPESCU entitling POPESCU to purchase 20,000 shares of 4ACCESS stock at a price of $0.01 per share.  On July 21, 2004, 4ACCESS issued an additional stock option to POPESCU entitling POPESCU to purchase 25,000 shares of 4ACCESS stock at a price of $0.23 per share.  On June 30, 2006, 4ACCESS issued a third stock option to POPESCU entitling POPESCU to purchase 100,000 shares of 4ACCESS stock at a price of $0.13 per share.

30.     All of the above-referenced stock options have fully vested, and POPESCU is entitled to purchase at the stated prices the stated amount of stock in each stock option.

31.     POPESCU has demanded that 4ACCESS issue to him the stock which he is entitled to purchase pursuant to the above-referenced stock options, and has offered to pay the purchase price for such stock, but 4ACCESS has failed and refused, and continues to fail and refuse, to honor the above-referenced stock options and sell the referenced stock to POPESCU.

# FIRST CAUSE OF ACTION

## (Breach of Contract – Unpaid Wages)

32. POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 31, inclusive, of this complaint as if fully set forth herein.

33. As alleged herein, from March 1, 2004 through January 10, 2007, an employment contract existed between POPESCU and 4ACCESS.

34. Pursuant to the employment contract between POPESCU and 4ACCESS, POPESCU was employed by 4ACCESS as an at-will employee.  Pursuant to such contract, POPESCU agreed to provide work, labor and services to 4ACCESS, and 4ACCESS agreed to compensate POPESCU for such work, labor and services at the rate of $175,000.00 per year.

35. 4ACCESS has failed and refused to pay POPESCU the wages and compensation he is entitled to be paid for the labor, work and services he provided to and performed for 4ACCESS, and continues to fail and refuse to make such payment to POPESCU.

36. 4ACCES has breached the contract with POPESCU alleged herein by failing and refusing to pay POPESCU all sums due and owing to POPESCU for the work, labor and services he provided to 4ACCESS.

37. POPESCU has at all times performed all duties and obligations required of pursuant to his contract with 4ACCESS, except for those duties and obligations that have been excused and/or negated by action or law.

38. As a direct and proximate result of 4ACCESS's breach of contract as alleged herein, POPESCU has suffered monetary damages of at least $137,583.16, in an amount to be proven at trial.

39. POPESCU is entitled to an award of pre-judgment and post-judgment interest to the maximum extent permitted by law.

## SECOND CAUSE OF ACTION

### (Labor Supplied)

40. POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 39, inclusive, of this complaint as if fully set forth herein.

41. Within four years past, prior to the commencement of this action, 4ACCESS became indebted to POPESCU for at least $137,583.16 in wages and compensation earned from and due and payable by 4ACCESS.

42. Neither the whole nor any part of the above amount has been paid, although demand has been made. Therefore, there is now due and owing from 4ACCESS to POPESCU the amount of at least $137,583.16, which amount shall be proven at trial, along with prejudgment interest at the maximum legally permissible rate from the date these wages were earned.

## THIRD CAUSE OF ACTION

### (California Labor Code Section 201 et seq – Failure to Pay Wages)

43. POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 42, inclusive, of this complaint as if fully set forth herein.

44. As alleged herein, 4ACCESS failed to pay POPESCU wages, compensation and payments that were due to POPESCU during the time he worked for 4ACCESS and at the time of the termination of POPESCU's employment.

45. In failing to make the payments due to POPESCU as alleged herein, 4ACCESS has violated Section 201 of the California Labor Code.

46. 4ACCESS knowingly, willfully and intentionally has failed and refused to make the payments owed to POPESCU as alleged herein.

47. As a result of the violation of Section 201 of the California Labor Code as alleged herein, POPESCU has suffered, and continues to suffer, damages in an amount of at least $137,583.16, in an amount according to proof at trial. POPESCU also is entitled to statutory penalties, costs, interest and attorneys' fees pursuant to Sections 203, 218.5 and 218.6 of the California Labor Code.

## FOURTH CAUSE OF ACTION

### (Wrongful Discharge In Violation of Public Policy)

48. POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 47, inclusive, of this complaint as if fully set forth herein.

49. As alleged herein, POPESCU was an employee of 4ACCESS from March 1, 2004 through the date of his terminated. 4ACCESS terminated POPESCU's employment on January 10, 2007.

50. As further alleged herein, such termination in retaliation for the filing by POPESCU of a claim for recovery of past wages which POPESCU earned but was not paid, despite demand.

51. 4ACCESS's termination of POPESCU's employment as alleged herein was a retaliatory discharge in violation of the fundamental public policy of the State of California.

52. As a direct, foreseeable and proximate result of 4ACCESS's conduct as alleged herein, POPESCU has lost income and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. POPESCU has sought to mitigate such wage-related damages.

53. As a direct, foreseeable and proximate result of 4ACCESS's conduct as alleged herein, POPESCU has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress, in an amount to be determined at time of trial.

54. As a direct, proximate, and legal result of 4ACCESS's wrongful termination of POPESCU's employment as alleged herein, POPESCU has suffered, continue to suffer, and in the future will suffer, actual, consequential and incidental damages in an amount according to proof at trial.

55. The defendants did the acts and things alleged herein deliberately, maliciously, with intent to injure and oppress POPESCU, and in conscious disregard of the rights of POPESCU. Moreover, the conduct of the defendants constitutes fraudulent, malicious, oppressive and/or despicable conduct. POPESCU therefore is entitled to punitive and exemplary damages

against the defendants, and each of them, in an amount sufficient to punish and deter the defendants, and each of them, according to proof at trial.

56. POPESCU is entitled to an award of attorneys' fees and pre-judgment and post-judgment interest to the maximum extent permitted by law.

## FIFTH CAUSE OF ACTION

**(Breach of Contract – Stock Options)**

57. POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 31, inclusive, of this complaint as if fully set forth herein.

58. As alleged herein, 4ACCESS issued three separate stock options to POPESCU entitling POPESCU to purchase a total of 145,000 shares of 4ACCESS stock at the prices alleged herein.

59. All three of the stock options have fully vested.

60. POPESCU has demanded that 4ACCESS issue the referenced stock to him, and has offered to pay the purchase price for such stock according to the terms and conditions of the stock options.

61. Although POPESCU has demanded that 4ACCESS perform its stock options and has offered to pay the purchase price for such stock, 4ACCESS has failed and refused, and continues to fail and refuse, to issue POPESCU the stock POPESCU is entitled to purchase pursuant to the stock options.

62. By failing and refusing to sell and issue to POPESCU the stock POPESCU is entitled to purchase pursuant to the stock options, 4ACCESS has breached the stock options and is guilty of breach of contract.

63. POPESCU's right to purchase 4ACCESS stock pursuant to the referenced stock options as alleged herein is unique and, therefore, POPESCU may have no other adequate remedy at law.

64. Accordingly, POPESCU is entitled to specific performance of the stock options.

/././

**PRAYER FOR RELIEF**

WHEREFORE, POPESCU prays for judgment against 4ACCESS and Does 1 through 10, inclusive, and each of them as follows:

1. For an award of compensatory damages in an amount of at least $137,583.16, according to proof at trial;

2. For an award of punitive and exemplary damages against the defendants in an amount sufficient to punish and deter the defendants, and each of them, according to proof at trial;

3. For a judgment and order of specific performance against 4ACCESS, which shall direct 4ACCESS to specifically perform the stock options alleged herein in full and sell and issue to POPESCU the 4ACCESS stock as alleged herein for the prices set forth in such stock options.

4. For an award of attorneys' fees as alleged herein and to the maximum extent allowed by law;

5. For an award of prejudgment and post-judgment interest to the maximum extent allowed by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: April 8, 2008            THE AFFINITY LAW GROUP APC

                                By: */s/ Gregory P. Goonan*
                                    Gregory P. Goonan, Esq.
                                    Attorneys for Plaintiff
                                    VAL POPESCU

**DEMAND FOR JURY TRIAL**

Plaintiff Val Popescu hereby demands a trial by jury.

DATED: April 8, 2008                THE AFFINITY LAW GROUP APC


By:   */s/ Gregory P. Goonan*
       Gregory P. Goonan
       Attorneys for Plaintiff
       Val Popescu

_____

*FIRST AMENDED COMPLAINT*

**Certificate of Service**

    The undersigned hereby certifies that on this 8th day of April 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

> Douglas J. Rovens
> Jeffrey S. Renzi
> Squire Sanders & Dempsey LLP
> 555 South Flower Street, Suite 3100
> Los Angeles, CA  90071-2300
> Attorneys for Defendant 4Access Communications Company

                                    */s/ Gregory P. Goonan*
                                    Gregory P. Goonan