1  Douglas J. Rovens (State Bar # 106582)
   drovens@ssd.com
2  Jeffrey S. Renzi (State Bar # 221963)
   jrenzi@ssd.com
3  SQUIRE, SANDERS & DEMPSEY L.L.P.
   555 S. Flower St., 31st Floor
4  Los Angeles, CA 90071
   Telephone:    (213) 624-2500
5  Facsimile:    (213) 623-4581

6  Attorneys for Defendant
   4ACCESS COMMUNICATIONS COMPANY
7

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 VAL POPESCU, an individual;              Case No.  3:08 CV 00525 JM RBB

12              Plaintiff,                  DEFENDANT 4ACCESS
                                            COMMUNICATIONS COMPANY'S
13         vs.                              NOTICE OF MOTION AND MOTION TO
                                            DISMISS FOR IMPROPER VENUE;
14 4ACCESS COMMUNICATIONS                   MEMORANDUM OF POINTS AND
   COMPANY, a Delaware corporation, and     AUTHORITIES AND DECLARATION OF
15 DOES 1 through 10, inclusive,            STEVEN D. DAVIS IN SUPPORT
                                            THEREOF
16              Defendants.
                                            [*Declaration of Steven D. Davis and Request
17                                          for Judicial Notice filed and [Proposed] Order
                                            lodged concurrently herewith*]
18
                                            **[Fed. R. Civ. Proc. 12(b)(3)]**
19
                                            The Honorable Jeffrey T. Miller
20
                                            Hearing  Date: May 30, 2008
21                                          Time:    1:30 p.m.
                                            Place:   Courtroom 16
22
                                            [Oral Argument Requested]
23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 S. Flower Street, Suite 3100           NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
Los Angeles, CA 90071

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 30, 2008, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 16 of the United States District Court for the Southern District of California, located at 940 front Street, San Diego, California, before the Honorable Jeffrey T. Miller, defendant 4Access Communications Company ("4Access"), will and hereby does move the Court for an Order Dismissing plaintiff Val Popescu's First Amended Complaint ("FAC") on the basis of improper venue. 4Access moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(3), based on the mandatory forum-selection clause in the operative employment agreement between the parties.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, 4Access' Request for Judicial Notice pursuant to Rule 201 of the Federal Rules of Evidence, and the Declaration of Steven D. Davis, both filed concurrently herewith, as well as the pleadings, records, and documents on file and any oral argument and additional evidence the Court may consider at the hearing on this Motion.

Dated: April 25, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.


                                         By:_____s/ Jeffrey S. Renzi_____
                                              Douglas J. Rovens
                                              Jeffrey S. Renzi
                                         Attorneys for Defendant
                                         4ACCESS COMMUNICATIONS COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

On November 2, 2006, plaintiff Val Popescu ("Plaintiff") filed a lawsuit in the California Superior Court, San Diego County (Val Pospecu, etc., v. 4 Access Communications, Inc., etc. Case No. GIN056734, attached as Exh. A to the Request for Judicial Notice) against 4Access Communications Company ("4Access") for claims related to Plaintiff's employment at 4Access, seeking unpaid wages for breach of employment contract, among other related claims ("*Popescu I*"). Following removal of *Popsecu I* to this Court, *Popescu I* was dismissed pursuant to 4Access' motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue because of a forum selection clause in the agreement between the parties. *See Popescu v. 4Access Communications, Inc.*, 2007 U.S. Dist. LEXIS 21822 (S.D. Cal. March 26, 2007) at *6, attached as Exh. B to the Request for Judicial Notice. On January 9, 2008, apparently disregarding this Court's prior ruling, Plaintiff filed the instant lawsuit, again in the California Superior Court, San Diego County (Val Popescu, etc., v. 4Access Communications Company, etc., Case No. 37-2008-00075299-CU-WT-CTL) which also arises from his employment at 4Access, seeking unpaid wages for breach of employment contract, among other related claims ("*Popescu II*"). 4Access removed *Popescu II* to this Court. As in *Popescu I*, the Court should dismiss Plaintiff's FAC pursuant to Fed. R. Civ. Proc. 12(b)(3).

### 2. ARGUMENT

#### A. The Forum Selection Clause

Paragraph 6.6 of the Employment Agreement between Plaintiff and 4Access, dated February 28, 2002 (the "Employment Agreement"), contains a mandatory forum selection clause, requiring that all disputes brought under the Employment Agreement be resolved in Illinois:

> Any judicial proceedings between the parties under this Agreement shall be brought in the Circuit Court of Cook County, Illinois, or the United States District Court for the Northern District of Illinois, Eastern District.

(Declaration of Steven D. Davis ("Davis Decl."), Exh. A at 5). This Court upheld the enforceability of the clause and its application to the employment relationship between the parties in *Popescu I*. See *Popescu*, 2007 U.S. Dist. LEXIS 21822 at *6.

### B. The Employment Agreement Controls The Relationship Of The Parties For Plaintiff's Claims

#### i) *This Court Already Has Held That The Employment Agreement Governs Plaintiff's Employment During The Time Period Raised In The FAC*

Plaintiff asserts claims in the FAC for breach of contract for unpaid wages and stock options, labor supplied, wage and hour violations for lack of payment, and wrongful discharge. Each of Plaintiff's claims arises from his employment at 4Access and therefore are governed by the written Employment Agreement between Plaintiff and 4Access. Plaintiff attempts to avoid the forum selection in the Employment Agreement by creatively crafting the FAC to limit his claims to his time as an "at-will employee" at 4Access. (FAC, ¶ 2).[1] Plaintiff attempted a similar tactic at the hearing on 4Access' motion to dismiss filed in *Popescu I* when he offered to sever the claims during the "contractual employment period" from the "at-will employment period." *Popescu*, 2007 U.S. Dist. LEXIS 21822 at *5 n.1. The Court dismissed the offer, finding that allowing Plaintiff to proceed on claims arising during the at-will period did not avoid the forum selection clause. *Id.* Indeed, the Court held that "the heart of this case is the employment relationship between the parties, a relationship that flows from the" Employment Agreement. *See id.* at *5. By bringing the instant action, Plaintiff has ignored the tutelage of the Court in *Popescu I.*

#### ii) *The Terms Of The Employment Agreement Confirm that Like Popescu I It Is Applicable To Plaintiff's Claims in Popescu II*

Beyond the Court's earlier ruling that the forum selection clause is applicable to claims arising during Plaintiff's tenure as an at-will employee at 4Access, a review of relevant sections of the Employment Agreement confirm that agreement is applicable to the instant matter. In the

---

[1] Plaintiff did not attach the Employment Agreement to either the original or amended complaint.

Employment Agreement, the parties anticipated that Plaintiff's contractual <u>and</u> subsequent at-will employment periods both would be covered by its terms:

> 2.1 Duration. Subject to prior termination ... the term of this Agreement shall commence on [March 1], 2002 and end upon the expiration of twenty-four (24) months (the **Contractual Employment Period**). Thereafter, Employee's employment with Company shall continue at the will of the Company (the **At Will Employment Period**). The entire period of time in which Employee is employed by Company shall be referred to as the **Employment Period**. [emphasis supplied.]

(Davis Decl., Exh. A at 1).

Other provisions of the Employment Agreement demonstrate that it plainly controls all aspects of the entire Employment Period, covering both the Contractual Employment Period <u>and</u> the At Will Employment Period (the period Plaintiff puts at issue in this litigation):

> 2.2 Duties. During the **Employment Period**, employee shall be responsible for, and perform duties associated with the position of Chief Technology Officer ... [emphasis supplied.]
>
> 2.3 Location and Performance by Employee. During the **Employment Period**, Employee shall perform his duties primarily at the Company's San Diego Office ... [emphasis supplied.]
>
> 4.0 Noncompetition. Employee agrees that during the **Employment Period** and for a period of eighteen (18) months thereafter, he will not [compete against 4Access] ... [emphasis supplied.]

(Davis Decl., Exh. A at 1-3).

Plaintiff's allegations in the FAC specifically invoke the terms in the Employment Agreement. Indeed, Plaintiff admits that the salary terms that are crux of most of Plaintiff's claims are specified in the Employment Agreement:

> **Pursuant to the employment contract** between POPESCU and 4ACCESS, POPESCU was employed by 4ACCESS as an at-will employee. **Pursuant to such contract**, POPESCU agreed to provide work, labor and services to 4ACCESS, and 4ACCESS agreed to compensate POPESCU for such work, labor and services at the rate of $175,000 per year. [emphasis supplied.]

(FAC, ¶34). The salary terms relied upon by Plaintiff are specified in the Employment Agreement:

> 2.4 Base Salary. During the Contractual Employment Period, the Company shall pay the Employee and annual base compensation of One Hundred Seventy-Five Thousand dollars ($175,000) ... During the **At Will Employment Period**, Employee's Base Salary may be increased or decreased in the discretion of the Company at any time. [emphasis supplied.]

(Davis Decl., Exh. A at 2). Thus, Plaintiff must rely on the terms of the Employment Agreement for his claims in this matter.

The forum selection clause of paragraph 6.6 of the Employment Agreement applies to "[a]ny judicial proceedings between the parties under this Agreement," and, as detailed above, the Employment Agreement applies to the period during which Plaintiff was an at-will employee of 4Access. By entering the Employment Agreement, the parties explicitly agreed that claims arising from the At Will Employment Period are within the scope of the forum selection clause. Plaintiff cannot legitimately claim that 4Access owes him unpaid wages pursuant to terms in the Employment Agreement and simultaneously seek to avoid the forum selection clause in the Employment Agreement through crafty averments in the FAC.

It is clear by the terms of the Employment Agreement itself, Plaintiff's own pleadings, and this Court's opinion in *Popescu I*, that the At Will Employment Period is governed by the terms of the Employment Agreement and that the Plaintiff's claims for breach of contract, labor supplied, wage and hour violations, and wrongful discharge are thus subject to the forum selection clause.

**C. The Court Should Grant The Motion To Dismiss Because The Forum Selection Clause In The Employment Agreement Is Mandatory And Enforceable**

Forum selection clauses are to be considered "prima facie valid" by the courts and should not be set aside unless the party challenging such a clause can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972). A forum selection

clause is grounds for a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue. *See Argueta v. Banco Mexicana, S.A.*, 87 F3d 320, 324 (9th Cir. 1996).

A forum selection clause will be enforced where venue is specified with mandatory language. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia.") When a mandatory forum selection clause clearly designates the forum chosen as the exclusive forum, it is enforceable. *See id.*; *see also Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1160-61 (E.D. Cal. 2003).

In *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 866-67 (9th Cir. 1991), the Ninth Circuit dismissed a case pursuant to Fed. R. Civ. P. 12(b)(3) because the forum selection clause in an employment contract between an employee in California and an employer in Saudi Arabia stated: "'Saudi Arabia shall have sole jurisdiction over any disputes arising out of this employment agreement.'" In *Spradlin*, although the case was initially filed in the state of California, the defendant employer successfully removed the case to federal court based on diversity, and then prevailed in a motion to dismiss pursuant to improper venue under Fed. R. Civ. P. 12(b)(3). *See Id.*

Similarly here, the Employment Agreement's forum selection clause must control, and the removal of the case to federal court based on diversity of the parties does not affect or defeat the fact that this claim could not be properly filed in California. *See Id.* Furthermore, 4Access's motion is proper pursuant to Fed. R. Civ. P. 12(b)(3), as a party may assert the defense of improper venue by motion.

"[W]here the parties expressly contemplated resolution of their disputes in a foreign venue, that decision should be given great weight." [citations omitted] *Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1199 (C.D. Cal. 2006). In the present case, Plaintiff and 4Access agreed to the terms of the Employment Agreement, which contain a mandatory forum selection clause for Cook County, Illinois. The Employment Agreement was a negotiated

1  contract entered into by the parties acting at arms length (Davis Decl. at ¶ 4). The forum
2  selection clause is unambiguous and clearly applies to "*any* judicial proceedings between the
3  parties under this Agreement." [emphasis supplied.]
4  As the Court noted in *Poepscu I*, any attempt by Plaintiff to claim wages for the At Will
5  Employment Period alone, the period relevant to Plaintiff's causes of action in this litigation, is
6  governed by the terms of the Employment Agreement and the forum selection clause applies.
7  Therefore, the Court should grant 4Access's motion for dismissal pursuant to Fed. R. Civ. P.
8  12(b)(3), for improper venue and this case should be dismissed so that it can be filed in the proper
9  jurisdiction.

## 3. CONCLUSION

Based on the foregoing, 4Access respectfully requests that the Court grant its Motion to Dismiss as to all causes of action on the grounds of improper venue.

Dated: April 25, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.


By:       s/ Jeffrey S. Renzi
          Douglas J. Rovens
          Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/262245.6

# PROOF OF SERVICE
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On April 25, 2008, a copy of the following document(s):

**DEFENDANT 4ACCESS COMMUNICATIONS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEVEN D. AVIS IN SUPPORT THEREOF**

was served on:

Gregory P. Goonan, Esq.
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, California 92101-3352
Telephone: (619) 446-5661
Facsimile: (619) 515-1197
ggoonan@affinity-law.com

Service was accomplished as follows.

☐ **By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By Electronic Means.** On the above date, I filed the above-mentioned document(s) by electronic means with the Court. As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 25, 2008, at Los Angeles, California.

s/Jeffrey S. Renzi
_____
Jeffrey S. Renzi

LOSANGELES/262037.1                                                     PROOF OF SERVICE