1  Douglas J. Rovens (State Bar # 106582)
   *drovens@ssd.com*
2  Jeffrey S. Renzi (State Bar # 221963)
   *jrenzi@ssd.com*
3  SQUIRE, SANDERS & DEMPSEY L.L.P.
   555 S. Flower St., 31st Floor
4  Los Angeles, CA 90071
   Telephone:    (213) 624-2500
5  Facsimile:    (213) 623-4581

6  Attorneys for Defendant
   4ACCESS COMMUNICATIONS COMPANY
7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 | VAL POPESCU, an individual;            | Case No.  3:08 CV 00525 JM RBB
12 |         Plaintiff,                     | **REQUEST FOR JUDICIAL NOTICE**
13 |     vs.                                | [*Notice of Motion and Motion and Memorandum of Points and Authorities and Declaration of Steven D. Davis filed and [Proposed] Order lodged concurrently herewith*]
14 | 4ACCESS COMMUNICATIONS
   | COMPANY, a Delaware corporation, and
15 | DOES 1 through 10, inclusive,
16 |         Defendants.                    | The Honorable Jeffrey T. Miller
17 |                                        | Date:    May 30, 2008
   |                                        | Time:    1:30 p.m.
18 |                                        | Place:   Courtroom 16

SQUIRE, SANDERS &
DEMPSEY L.L.P.
555 S. Flower Street, Suite 3100
Los Angeles, CA 90071

REQUEST FOR JUDICIAL NOTICE

**TO THE COURT AND ALL INTERESTED PARTIES:**

Defendant 4Access Communications Company ("4Access") hereby requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following documents:

1. The Complaint in <u>Val Popescu, etc. v. 4Access Communications, Inc., etc.</u>, California Superior Court, County of San Diego, Case No. GIN056734, filed on or about November 2, 2006, removed to the United States District Court for the Southern District of California, Case No. 07 CV 00063 JM RBB, on or about January 10, 2007, attached hereto as Exhibit "A."

2. Order of Judge Jeffrey T. Miller dismissing <u>Val Popescu, etc. v. 4Access Communications, Inc., etc.</u>, United States District Court for the Southern District of California, Case No. 07 CV 00063 JM RBB, attached hereto as Exhibit "B."

Dated: April 25, 2008               SQUIRE, SANDERS & DEMPSEY L.L.P.


                                    By:      s/ Jeffrey S. Renzi
                                          Douglas J. Rovens
                                          Jeffrey S. Renzi
                                    Attorneys for Defendant
                                    4ACCESS COMMUNICATIONS COMPANY

# EXHIBIT A

E/E320 00/19739

Lawrence W. Horwitz (SBN 122640)
Bernard C. Jasper (SBN 118479)
HORWITZ, CRON & JASPER
Four Venture, Suite 390
Irvine, CA 92618
Phone: (949) 450-4942/Facsimile: (949) 453-8774
bjasper@hclaw.biz

Attorney for Plaintiff VAL PROPESCU

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| VAL PROPESCU, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>4ACCESS COMMUNICATIONS, INC., a corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: **GIN056734**<br><br>COMPLAINT FOR:<br>1. WAGES EARNED;<br>2. BREACH OF CONTRACT; and<br>3. OPEN BOOK ACCOUNT.<br><br>(Amount demanded exceeds $25,000)<br><br>**BY FAX** |

Plaintiff VAL PROPESCU complains against Defendant 4ACCESS COMMUNICATIONS, INC., a corporation of unknown origin ("4ACCESS") and DOES 1-10, and each of them, as follows:

### JURISDICTION AND VENUE

1. Plaintiff VAL PROPESCU is an individual residing in the city of Del Mar, in San Diego County, California.

2. Defendant 4ACCESS is a corporation of unknown origination with its principal place of business located in San Diego, California.

3. The true names and capacities, whether individual, corporate, associate, or otherwise; of DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff asserts that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings referred to herein and

-1-
COMPLAINT FOR: WAGES EARNED; BREACH OF CONTRACT; and OPEN BOOK ACCOUNT

caused injuries and damages proximately thereby and thereto to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the DOES when the same have been ascertained.

9. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times relevant to this action, each of the Defendants, including Does 1 through 10, inclusive, were responsible in some manner for the acts and omissions alleged in this complaint, and that Plaintiff's damages, both existing and prospective, are, were and will be proximately caused by the acts and omissions of the defendants, including Does 1 through 10, inclusive.

10. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants, and each of them, including Does 1 through 10, inclusive, are and were at all relevant times the agents, servants, employees, partners, joint venturers, subsidiaries, parent corporations, and successors-in-interest of each of the remaining Defendants, and were acting within the course, scope and purpose of such agency, employment, partnership, joint venture, or relationship.

11. There exists, and at all times herein mentioned there existed, a unity of interest in ownership between Defendant DOES 1-5 on the one hand and Defendant 4ACCESS on the other hand, such that any individuality and separateness between Defendants DOES 1-5 and 4ACCESS has ceased. Defendant 4ACCESS is thereby the alter ego of Defendant DOES 1-5 such that Defendant 4ACCESS is and at all times herein mentioned was a mere shell, instrumentality, and conduit through which Defendants DOES 1-5 carried on business in a corporate name. Defendants DOES 1-5 exercised complete control and dominance of Defendant 4ACCESS to such an extent that any individuality or separateness of Defendant 4ACCESS from Defendant DOES 1-5 does not and at all times herein mentioned did not exist.

12. Adherence to the fiction of the separate existence of Defendant 4ACCESS as an entity distinct from Defendants DOES 1-5 would permit an abuse of the corporate privilege and produce an inequitable result in that Defendants DOES 1-5 manipulated the assets of Defendant 4ACCESS for their personal benefit and used Defendant 4ACCESS as a shield from any responsibility or liability. Defendants DOES 1-5 acted in illicit manners under the purported shield of corporate officers for Defendants DOES 1-5 with the intent to prevent Plaintiff from recovering the wages earned.

13. After causing Plaintiff to accept a position of employment with Defendant 4ACCESS, Defendants DOES 1-5 conspired to manipulate and to coerce the corporate operations and profits of Defendant 4ACCESS such that Plaintiff could never recover the wages earned during his employment with Defendant 4ACCESS by reason of Defendants' efforts to disguise the corporate operations and hide profits and cash flow from Plaintiff by DOES 1-5, who also acted as corporate officers, directors and/or fiduciaries.

## GENERAL ALLEGATIONS

14. Beginning March 2, 2002, Plaintiff VAL PROPESCU was employed under an oral agreement as a wage and hour employee by Defendant 4ACCESS to work with and improve the efficiency of Defendant's operation in the intellectual property licensed from a third party. In accordance with his employment, Plaintiff performed the services required by Defendant 4ACCESS related to the operation and use of the intellectual property.

15. Defendant 4ACCESS required Plaintiff work on the hours set by Defendant and required that Plaintiff work from Defendant's place of business and honor Defendant's purported ownership and control over the licensed intellectual property.

16. Defendant 4ACCESS failed to pay Plaintiff the wages earned, or any amount at all, though Plaintiff made demand on Defendants for payment in accordance with the employment agreement.

17. Plaintiff is presently owed back wages in an amount in excess of $105,000, subject to proof at trial.

## FIRST CAUSE OF ACTION

### (For Labor Supplied Against All Defendants)

18. Plaintiff realleges herein by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth herein.

19. Within four years past, prior to the commencement of this action, Defendants became indebted to Plaintiff for *$105,541.07* in wages earned from Defendant 4ACCESS.

20. Neither the whole nor any part of the above amount has been paid, although demand has been made. Therefore, there is now due and owing from Defendants to Plaintiff the amount of

-3-
COMPLAINT FOR: WAGES EARNED; BREACH OF CONTRACT; and OPEN BOOK ACCOUNT

$105,541.07, which amount shall be proven at trial, along with prejudgment interest at the legal rate thereon from the date these wages were earned.

## SECOND CAUSE OF ACTION

### (For Breach of Contract Against All Defendants)

21. Plaintiff realleges herein by this reference each and every allegation in paragraphs 1 through 20, inclusive, of this Complaint as if fully set forth herein.

22. Defendant contracted with Plaintiff for Plaintiff to serve as a wage and hour employee for Defendant 4ACCESS (the "Employment Agreement").

23. Plaintiff has at all times performed all work and honored his employment duties and obligations under the terms of the Employment Agreement in the manner specified by the employee handbook, if any, and the Employment Agreement, except those that have been excused.

24. Defendants, and each of them, received the benefit of Plaintiff's employment and work, and have failed and refused, and continue to refuse to pay Plaintiff the wages due, as a result of which Plaintiff has suffered damages in the amount in excess of the minimum jurisdiction of this Court, plus interest at the contract rate, all to be proved at trial.

25. Plaintiff also demands the rights and benefits accruing under the California Labor Code for the failure to pay wages, including the recovery of attorney fees and costs, and Plaintiff retained Horwitz, Cron & Jasper to bring this action and enforce its rights under the Agreement.

WHEREFORE, Plaintiff VAL PROPESCU demands judgment against Defendants 4ACCESS COMMUNICATIONS, INC. and DOES 1 through 10, jointly and severally, for the following:

## FIRST CAUSE OF ACTION

1. For damages in an amount of *$105,541.07*, to be proven at trial.
2. For pre-judgment interest at the legal rate;
3. For cost of suit; and
4. For such further relief as the Court may deem proper.

///
///

-4-
COMPLAINT FOR: WAGES EARNED; BREACH OF CONTRACT; and OPEN BOOK ACCOUNT

## SECOND CAUSE OF ACTION

5. For damages in an amount in excess of $105,541.07, to be proven at trial.

6. For pre-judgment interest at the legal rate;

7. For benefits and penalties accruing to Plaintiff under the Labor Code for failure to pay wages earned, including for the recovery of attorney fees and cost of suit; and

8. For such further relief as the Court may deem proper.

Dated: October 30, 2006

HORWITZ, CRON & JASPER

By: _____
Bernard C. Jasper
Attorneys for Plaintiff VAL PROPESCU

-5-
COMPLAINT FOR: WAGES EARNED; BREACH OF CONTRACT; and OPEN BOOK ACCOUNT

# EXHIBIT B

2007 U.S. Dist. LEXIS 21822, *

LEXSEE 2007 U.S. DIST. LEXIS 21822

VAL POPESCU, an individual, Plaintiff, vs. 4ACCESS COMMUNICATIONS, INC., a corporation, and DOES 1 through 10, inclusive, Defendants.

CASE NO. 07-CV-0063 JM (AJB) [Related Case No. 06cv2709]

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2007 U.S. Dist. LEXIS 21822

March 23, 2007, Decided
March 26, 2007, Filed

COUNSEL: [*1] For Val Popescu, an individual, Plaintiff: William L Miltner, LEAD ATTORNEY, Miltner Law Group, San Diego, CA.

For 4Access Communications, a Delaware corporation, Defendant: Lauren E Godshall, Zelle Hofmann Voelbel Mason and Gette, Los Angeles, CA US.

JUDGES: Jeffrey T. Miller, United States District Judge.

OPINION BY: Jeffrey T. Miller

OPINION

ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

[Docket No. 16]

I. *INTRODUCTION*

This is a breach of contract action for back wages owed, removed to this court on the basis of diversity jurisdiction. Presently before the court is defendant 4Access Communications' ("Defendant") *Rule 12(b)(3)* motion to dismiss for improper venue based on a forum selection clause in Plaintiff's employment contract (the "Contract"). Plaintiff opposes the motion. The court held a hearing on the matter on March 23, 2007. After considering the parties' papers and the authorities cited therein, as well as the oral argument of counsel, the court hereby **GRANTS** the motion for the following reasons.

II. *BACKGROUND*

In February 2002, Defendant hired Plaintiff as Defendant's Chief Technology Officer pursuant to the Contract. Davis [*2] Decl., Ex. A (copy of contract). The Contract provided that "[a]ny judicial proceedings between the parties under this Agreement shall be brought in the Circuit Court of Cook County, Illinois, or the United States District Court for the Northern District of Illinois, Eastern District." *Id.* P 6.2 (the "forum selection clause"). The Contract further provided that

> the term of this Agreement shall commence on   , 2002 and end upon the expiration of twenty-four (24) months (the Contractual Employment Period). Thereafter, Employee's employment with Company shall continue at the will of the Company (the At Will employment Period). The entire period of time in which Employee is employed by Company shall be referred to as the Employment Period.

Id. P 2.1.

Plaintiff's employment lasted from about February 2002 until January 2007, at which point Defendant terminated him. Plaintiff filed his complaint in state court on November 2, 2006. On January 10, 2007, Defendant removed the suit to this court.

Defendant now moves to dismiss on the ground that venue is proper only in Illinois pursuant to the Contract's forum selection clause. Plaintiff argues that although [*3] Illinois may be the proper venue for wages owed during the two-year "Contractual Employment Period", the forum selection clause does not govern the "At Will Employment Period" from about February 2004 to January 2007.

## III. DISCUSSION

Rule 12(b)(3) is the proper vehicle for moving to dismiss pursuant to a forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). When ruling on a *12(b)(3)* motion, the court does not accept the allegations as true and may consider matters outside the pleadings. *Id.*

Federal law governs the enforceability of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) (internal quotations omitted) (enforcing parties' choice to litigate disputes in London, England); see also *Pelleport Investors, Inc. v. Budco Quality Theatres*, 741 F.2d 273, 279 (9th Cir. 1984) (applying [*4] *Bremen* rule to domestic forum selection questions). The presence of fraud, undue influence, "overweening bargaining power", or serious inconvenience to the parties makes enforcement of a forum selection clause unreasonable. *Bremen*, 407 U.S. at 12-13, 16-17; *Docksider, Ltd v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989). The party resisting dismissal must meet a "'heavy burden of proof' . . . to set aside the clause on grounds of inconvenience." *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1990) (quoting *Bremen*, 407 U.S. at 17).

Both contract and tort claims may be subject to forum selection clauses, and "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow*, 858 F.2d at 514; see also *Bender Shipbuilding & Repair Co., Inc. v. The Vessel Drive Ocean V*, 123 F.Supp.2d 1201, 1207 (S.D. Cal. 1988) (same), aff'd sub nom. *Odin Shipping Ltd. v. Drive Ocean V MV*, 221 F.3d 1348 (9th Cir. 2000) (unpublished).

The court finds that resolution of Plaintiff's [*5] claim for wages owed during the at-will employment period "relates to interpretation of the contract." *Manetti-Farrow*, 858 F.2d at 514. Any determination of whether such wages are due "cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* At the heart of this case is the employment relationship between the parties, a relationship that flows from the Contract. Therefore, the forum selection clause must be enforced with respect to the entirety of Plaintiff's claim. [1]

> [1] Although at the hearing Plaintiff offered to waive his Contractual Employment Period damages in an amended pleading, the court would still consider the clause to apply. If tort claims flowing out of a contractual relationship may be subject to forum selection clauses, *Manetti-Farrow*, 858 F.2d at 514, then at-will employment damages growing out of the initial Contractual Employment Period would likewise be subject to the clause in this case.

Nor has Plaintiff [*6] set forth any argument as to why the forum selection clause should be disregarded for fraud, undue influence, or overweening bargaining power. *Bremen*, 407 U.S. at 12-13, 16-17. As to inconvenience, Plaintiff points out that Illinois is 2,000 miles away but does not provide specific reasons why this distance would cause inconvenience. Moreover, the fact of distance alone rarely satisfies the resisting party's heavy burden to prove inconvenience. See, e.g., *Spradlin v. Lear Siegler Management Servs. Co.*, 926 F.2d 865, 869 (9th Cir. 1991) (finding that trial court did not abuse its discretion by enforcing employment contract's forum selection clause providing that all disputes would be litigated in Saudi Arabia, even when plaintiff resided in California).

## IV. CONCLUSION

The motion is **GRANTED.** This action is **DISMISSED** for improper venue.

IT IS SO ORDERED.

DATED: March 23, 2007

Hon. Jeffrey T. Miller

United States District Judge

# PROOF OF SERVICE
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On April 25, 2008, a copy of the following document(s):

**REQUEST FOR JUDICIAL NOTICE**

was served on:

Gregory P. Goonan, Esq.
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, California 92101-3352
Telephone: (619) 446-5661
Facsimile: (619) 515-1197
ggoonan@affinity-law.com

Service was accomplished as follows.

☐ **By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By Electronic Means.** On the above date, I filed the above-mentioned document(s) by electronic means with the Court. As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 25, 2008, at Los Angeles, California.

s/Jeffrey S. Renzi
_____
Jeffrey S. Renzi