Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA  92101
Tel:  619-702-4335
Fax:  619-243-0088
E-mail: ggoonan@affinity-law.com

Attorneys for Plaintiff
VAL POPESCU

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL POPESCU, an individual;<br><br>        Plaintiff,<br><br>    vs.<br><br>4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation, and DOES 1 through 10, Inclusive<br><br>        Defendants. | Case No.  08 CV 525 JM (RBB)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Hearing Date:  May 30, 2008<br>Time:  1:30 p.m.<br>Court:  16 (Hon. Jeffrey T. Miller)<br><br>**ORAL ARGUMENT REQUESTED** |

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  THE PRESENT MOTION SHOULD BE DENIED IN ITS ENTIRETY
     BECAUSE NONE OF THE CAUSES OF ACTION IN PLAINTIFF'S
     FIRST AMENDED COMPLAINT ARE SUBJECT TO THE FORUM
     SELECTION CLAUSE IN THE EMPLOYMENT CONTRACT . . . . . . . . . . . . . . . . . . 6

     A.   The Governing Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   The Wage Claims Are Not Barred By The Forum Selection
          Clause Because It Is Not Necessary To Interpret The
          Employment Contract To Resolve Such Claims . . . . . . . . . . . . . . . . . . . . 7

     C.   The California Labor Code Claim Is Not Barred By The
          Forum Selection Clause Because It Is Not Necessary To
          Interpret The Employment Contract To Resolve Such Claim . . . . . . . . . . . . . . . 11

     D.   The Wrongful Discharge Claim Is Not Barred By The
          Forum Selection Clause Because It Is Not Necessary To
          Interpret The Employment Contract To Resolve Such Claim . . . . . . . . . . . . . . 12

     E.   The Stock Options Claim Is Not Barred By The Forum
          Selection Clause Because It Is Not Necessary To Interpret
          The Employment Contract To Resolve Such Claim . . . . . . . . . . . . . . . . . . . . 14

III. IF THE COURT DETERMINES THAT ANY OF THE CLAIMS IN
     THE FIRST AMENDED COMPLAINT ARE SUBJECT TO THE
     FORUM SELECTION CLAUSE, PLAINTIFF REQUESTS TRANSFER
     RATHER THAN DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Table of Authorities**

Cases:

*Gantt v. Sentry Insurance*, 1 Cal.4th 1083 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137 (1995) . . . . . . . . . . . . . . . . 13

*Manetti-Farrow v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988) . . . . . . . . . . . . . *passim*

*Rothstein v. Carriere*, 41 F.Supp.2d 381 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15


Statutes:

28 U.S.C. § 1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1391(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 17

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 17

Cal. Labor Code § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Labor Code § 201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Labor Code § 203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Labor Code § 218.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Labor Code § 218.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Plaintiff Val Popescu ("Plaintiff") hereby submits the following memorandum of points and authorities in opposition to the motion to dismiss for improper venue filed by defendant 4Access Communications Company ("4Access").

## I. PRELIMINARY STATEMENT

Plaintiff's operative complaint in this matter is the first amended complaint. Plaintiff's first amended complaint sets forth the following causes of action: (1) Breach of Contract – Unpaid Wages; (2) Labor Supplied; (3) Violation of California Labor Code section 201 et seq. – Failure to Pay Wages; (4) Wrongful Discharge in Violation of Public Policy; and (5) Breach of Contract – Stock Options. As can be seen, Plaintiff's claims can be grouped into four separate categories: the Wage Claims (Causes of Action Nos. 1 and 2); the California Labor Code Claim (Cause of Action No. 3); the Wrongful Discharge Claim (Cause of Action No. 4); and the Stock Option Claim (Cause of Action No. 5).

By the present motion, 4Access seeks dismissal of all of the causes of action in the first amended complaint on the ground that venue is not proper in this judicial district. As the Court is aware, the analysis of whether venue is proper in this judicial district must be done separately as to each cause of action alleged in Plaintiff's first amended complaint.[1] Unfortunately, 4Access has not employed such claim-specific analysis by this motion. Instead, 4Access adopts a shotgun approach, and appears to seek dismissal of all of Plaintiff's causes of action on two grounds: (1) the forum selection clause in the written contract (the "Employment Contract") that was in place for two years of Plaintiff's employment; and (2) this Court's order interpreting the forum selection clause in the Employment Contract in prior litigation between Plaintiff and 4Access (referred to in 4Access' motion as "*Popescu I*").

---

[1] See, e.g., Rothstein v. Carriere, 41 F.Supp.2d 381, 386 (E.D.N.Y. 1999).

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE*

- 4 -

As will be discussed herein, neither the forum selection clause in the Employment Contract nor the Court's order in the *Popescu I* litigation support dismissing any of Plaintiff's claims for improper venue, much less all of the claims as requested by 4Access.[2] As the Court knows, the a forum selection clause in a written contract will also apply to claims other than claims for breach of the written contract only when it is necessary to interpret the written contract to decide the non-contract claims. As shown below, that is not the case here. Plaintiff's Wage Claims and California Labor Code Claim only require a determination whether the amount of compensation 4Access promised to pay Plaintiff pursuant to an employment offer letter (the "Employment Letter") signed <u>before the Employment Contract</u> in fact has been paid.[3] Determination of Plaintiff's Wrongful Discharge Claim likewise does not require any interpretation of the Employment Contract, but rather will focus on 4Access' motivation for terminating Plaintiff.[4] And Plaintiff's Stock Option Claim has absolutely nothing at all to do with the Employment Contract, but rather is based on written stock options that 4Access issued to Plaintiff.[5]

The Court's Order in *Popescu I* also does not require dismissal of any of Plaintiff's claims for improper venue. Because the focus of *Popescu I* was the Employment Contract, the Court never was advised about the existence of, nor briefed about the significance of, the Employment

---

[2] The forum selection clause in the Employment Contract expressly applies to judicial proceedings between the parties brought "under" the Employment Contract. Plaintiff disputes that any of his claims in the first amended complaint have been brought "under" the Employment Agreement.

[3] A true and correct copy of the Employment Letter is submitted herewith as Exhibit 1. As the Court will see when it reviews Exhibit 1, the entire employment relationship between Plaintiff and 4Access flows from such initial Employment Letter.

[4] Indeed, it is difficult to understand how an interpretation of the Employment Contract would be required for resolution of Plaintiff's California Labor Code Claim and Wrongful Discharge Claim given that the Employment Contract provides that it is to be interpreted under Illinois law. In sharp contrast, the California Labor Code Claim and the Wrongful Discharge Claim must be determined by application of California law and implicate the fundamental public policies of the State of California (which should, indeed must, be applied by a California jury).

[5] True and correct copies of the stock options issued by 4Access to Plaintiff are submitted herewith as Exhibit 2.

---

Letter – which, as discussed herein, is the document (not the Employment Contract) that needs to be interpreted to resolve the Wage Claims.  Moreover, the Court's order in *Popescu I* never addressed whether Plaintiff's California Labor Code Claim, Wrongful Discharge Claim or Stock Option Claim somehow are subject to the forum selection clause in the Employment Contract (which they are not) because such claims were not even asserted by Plaintiff in *Popescu I*.

Simply stated, none of the claims asserted by Plaintiff in his first amended complaint in this case are subject to the forum selection clause in the Employment Contract.  Because 4Access was doing business in this judicial district at all relevant times, venue otherwise is proper in this judicial district for all of Plaintiff's claims.  Consequently, the present motion to dismiss for improper venue by 4Access should be denied in its entirety.[6]

## II. THE PRESENT MOTION SHOULD BE DENIED IN ITS ENTIRETY BECAUSE NONE OF THE CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT ARE SUBJECT TO THE FORUM SELECTION CLAUSE IN THE EMPLOYMENT CONTRACT

### A. The Governing Law

All of the claims in Plaintiff's first amended complaint are state law claims that Plaintiff initially filed in California Superior Court.  4Access removed Plaintiff's state court action on the basis of diversity of citizenship.  In a diversity case like this one, venue is proper in any judicial district where the defendant resides and any judicial district where a substantial part of the events and omissions giving rise to the lawsuit occurred.  [28 U.S.C. § 1391(a).]  Where, as here, the defendant is a corporation, it is subject to venue in any place where it is subject to personal

---

[6] If the Court determines that any of the claims in Plaintiff's first amended complaint is subject to the forum selection clause in the Employment Contract, Plaintiff respectfully asks that the Court transfer such claims to the United States District Court for the Northern District of Illinois, Eastern Division in accordance with 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a), and retain all other claims in this judicial district for litigation.

jurisdiction. [28 U.S.C. § 1391(c).] Because 4Access employed Plaintiff in this judicial district at all relevant times, terminated Plaintiff in this judicial district, issued the stock options at issue in this lawsuit in this judicial district and otherwise did business in this judicial district at all relevant times, 4Access is subject to venue in this judicial district for all of Plaintiff's claims. [*Ibid*; First Amended Complaint ¶ 10; Declaration of Val Popescu (submitted herewith under separate cover) ¶¶ 3-4.]

4Access attempts to overcome the fact that it undisputedly is subject to venue in this judicial district by asserting the forum selection clause which is set forth at Paragraph 6.6 of the Employment Contract. In the Ninth Circuit, federal law governs the effect of a forum selection clause like the one set forth at Paragraph 6.6 of the Employment Contract. Obviously, a forum selection clause in a written contract will apply to a claim for breach of the written contract itself. But in *Manetti-Farrow v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), the Ninth Circuit held that a forum selection clause in a written contract also could apply to claims other than a claim for breach of the written contract containing the forum selection clause. The critical test is whether resolution of the non-contract claims <u>requires an interpretation of the written contract</u>. [*Manetti-Farrow*, 858 F.2d at 514.]

As discussed below, it is not necessary for the trier of fact here to interpret the Employment Contract to determine <u>any</u> of the claims in Plaintiff's first amended complaint. Consequently, the present motion must be denied in its entirety.

  B. <u>The Wage Claims Are Not Barred By The Forum Selection Clause Because It Is Not Necessary To Interpret The Employment Contract To Resolve Such Claims</u>

The first cause of action in Plaintiff's first amended complaint is for breach of the at will employment contract between Plaintiff and 4Access, and the second cause of action in the first amended complaint is a common count for labor supplied. Both of these causes of action seek to

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE*

- 7 -

recover compensation that Plaintiff alleges 4Access owes him for the period from March 1, 2004 (the end of the term of the written Employment Contract) through the date of his termination on January 10, 2007.

As alleged in the first amended complaint, neither the first cause of action nor the second cause of action deals at all with the reasons for Plaintiff's termination.  On the contrary, regardless of why 4Access terminated Plaintiff's employment, 4Access was obligated to pay Plaintiff all compensation which he was due for the period from March 1, 2004 through January 10, 2007.  Consequently, there are two issues – <u>and only two issues</u> – that are relevant to the determination of Plaintiff's first cause of action and second cause of action: (1) how much was Plaintiff supposed to be paid during the relevant period; and (2) how much was Plaintiff actually paid during the relevant period.  The difference between these two amounts will be Plaintiff's damages on the first cause of action and second cause of action.

As discussed above, since neither the first cause of action nor the second cause of action is a claim for breach of the written Employment Contract itself, the forum selection clause can and will only support dismissal of the first and second cause of actions is the Court must "interpret" the written Employment Contract in order to resolve the first cause of action or the second the cause of action.  [*See* *Manetti-Farrow*, 858 F.2d at 514.]  That is not the case here.[7]

The Court obviously does not have to interpret the Employment Contract to determine how much 4Access actually paid Plaintiff during the period at issue.  The calculation of such amount is

---

[7]   The *Manetti-Farrow* case addressed the question whether a forum selection clause in a written contract also would apply to tort claims between the parties.  The Ninth Circuit found that the contractual forum selection clause did apply to the tort claims because the tort claims "[could not] be adjudicated without analyzing whether the parties were in compliance with the contract."  [858 F.2d at 514.]  The instant case presents a far different situation.  Here, the Court does not need to determine whether Plaintiff was in compliance with the Employment Contract to adjudicate the Wage Claims – as noted, regardless of whether Plaintiff was in compliance with the Employment Contract, he still was entitled to be paid for the work he performed for 4Access during the relevant period.  Consequently, "contract performance" is not an issue with respect to the Wage Claims.

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE*

- 8 -

purely an accounting function that will be performed by reference to 4Access' payroll and accounting records.

Likewise, the Court does not have to interpret the written Employment Contract to determine how much Plaintiff was supposed to be paid during the relevant period. As Plaintiff explains in his declaration filed herewith under separate cover, the amount of his compensation was not established by the Employment Contract. On the contrary, prior to the date the parties even signed the Employment Contract, 4Access provided Plaintiff with a written employment offer (the "Employment Letter") that was accepted by Plaintiff days before the Employment Contract was signed. [Declaration of Val Popescu ¶ 5 and Exhibit 1 to the Popescu Declaration.]

A true and correct copy of the Employment Letter is submitted herewith as Exhibit 1. Of critical importance to the present motion, it is the Employment Letter – not the Employment Contract – that in the first instance established Plaintiff's compensation rate as $175,000.00 per year. Consequently, to resolve the Wage Claims, the Court will not interpret the Employment Contract – instead, the Court will look to the Employment Letter (which does not contain any type of forum selection clause) to determine Plaintiff's compensation rate.[8]

Because the Court does not need to interpret the Employment Agreement in connection with the litigation and resolution of the Wage Claims, but instead will rely upon the Employment Letter as the first written document to establish Plaintiff's rate of compensation, the analysis set forth by the Ninth Circuit in the *Manetti-Farrow* decision does not apply here.[9] Consequently, the

---

[8] Critically, 4Access' moving papers do not specify exactly which provisions of the Employment Contract the Court supposedly must interpret to resolve Plaintiff's Wage Claims.

[9] At page 3 of its order dismissing *Popescu I*, the Court opined that the forum selection clause applied to Plaintiff's claim for wages owed during the at will employment period because "[a]t the heart of this case is the employment relationship between the parties, a relationship that flows from the [Employment] Contract." As the Court has seen from the Employment Letter submitted as Exhibit 1, that in fact is not the case here – the employment relationship instead flows from the Employment Letter, which is the first document memorializing the employment relationship between the parties. But in any event, Plaintiff respectfully submits that the fact that he parties'

1  forum selection clause in the Employment Contract does not support dismissal of Plaintiff's wage

2  claims on venue grounds.

3        The Court's order in *Popescu I* does not compel a different conclusion nor support

4  dismissal of the Wage Claims pursuant to the forum selection clause.  While it is true that the

5  Court, at page 3 and footnote 1 on page 3 of the order dismissing *Popescu I*, found that any claims

6

7  for wages due during the at-will period required interpretation of the Employment Contract and

8  analysis of whether Plaintiff was in compliance with the Employment Contract, the Court reached

9  such conclusion without having been advised of the existence of the Employment Letter (which

10  was not brought to the Court's attention because the focus of *Popescu I* was different than the

11  present case).

12        Moreover, the Court reached its conclusion in *Popescu I* about the applicability of the

13  forum selection clause to the at-will period without the benefit of briefing from the parties about

14  how and why Plaintiff's entitlement to wages during the at-will period might require (or not

15  

16  require) interpretation of the Employment Contract.  Critically, the Court's order dismissing

17  *Popescu I* does not explain how or why an employee's entitlement to wages that were due and

18  payable prior to termination can in any way be dependent on whether the employee was in

19  compliance with his or her employment contract.

20        Indeed, if compliance with an employment contract were a prerequisite to the collection of

21  wages for services performed prior to termination, no employee who was terminated for cause or

22  

23  for doing a bad job would ever be entitled to receive his or her final paycheck upon termination.

24

---

25  employment relationship may have flowed from the Employment Contract is not enough, by itself,
26  to extend the reach of the forum selection clause pursuant to *Manetti-Farrow*.  On the contrary, in
    order for *Manetti-Farrow* to apply to extend the forum selection clause to claims not specifically
27  brought under the Employment Contract, the Court must be required to <u>interpret</u> the Employment
    Contract to resolve such claims.
28

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S*
*MOTION TO DISMISS FOR IMPROPER VENUE*
- 10 -

1  Plaintiff does not believe that is the law, and has not been able to find any cases to support such

2  proposition.[10]

3      For the foregoing reasons, Plaintiff respectfully submits that the Court's order dismissing

4  *Popescu I* is not determinative of this motion and does not compel dismissal of Plaintiff's Wage

5  Claims.  Instead, because 4Access was obligated to pay Plaintiff all unpaid wages immediately

6

7  upon termination without regard to compliance with the Employment Contract, interpretation of

8  the Employment Contract is <u>not</u> required to adjudicate the Wage Claims.  Consequently, the forum

9  selection clause in the Employment Contract does not apply to the wage claims and there

10  accordingly is no basis to dismiss such claims.

11      C.    <u>The California Labor Code Claim Is Not Barred By The Forum Selection Clause</u>

12          <u>Because It Is Not Necessary To Interpret The Employment Contract To Resolve</u>

13          <u>Such Claim</u>

14

15      Plaintiff's third cause of action is brought pursuant to Section 201 *et seq.* of the

16  California Labor Code.  Labor Code section 201(a) provides that "[i]f an employer discharges an

17  employee, the wages earned and unpaid at the time of discharge are due and payable <u>immediately</u>

18  (emphasis added)."  Any California employer who fails to pay a discharged employee all wages

19  due at the time of discharge is liable for all unpaid wages as well as a statutory penalty, attorneys'

20  fee and interest pursuant to Labor Code sections 203, 218.5 and 218.6.

21

22      Because Plaintiff's third cause of action also seeks the payment of wages that were due

23  and owing to Plaintiff on the date of his termination, such cause of action is not subject to

24  dismissal on venue grounds for the same reasons as discussed in connection with Plaintiff's first

25

26  ---

27  [10]  Indeed, pursuant to California Labor Code section 201(a) (which is the basis of Plaintiff's third cause of action and which is discussed *infra*), an employer <u>must</u> pay a terminated employee all unpaid wages <u>immediately upon termination</u>.

28

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE*

- 11 -

and second causes of action. But there is another, more fundamental reason why the third cause of action is not subject to the forum selection clause and is not subject to dismissal.

The statutory scheme set forth in Labor Code section 201 *et seq.* evidences a fundamental public policy of the State of California that all persons and entities providing employment to persons in California must promptly pay all wages due upon termination. [*See*, *e.g.*, *Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137, 1147 (1995).] Given the fundamental public policy of the State of California reflected in the statutory scheme provided by Labor Code section 201 *et seq.*, Plaintiff has a right to have his California Labor Code Claim adjudicated by a California jury of his peers.

Indeed, it would be fundamentally unfair to Plaintiff to force him to bring his claim for violation of Labor Code section 201 *et seq.* in Illinois and force an Illinois jury to determine and apply the fundamental public policy of the State of California. This provides a further, compelling reason why Plaintiff's California Labor Code Claim is not subject to dismissal pursuant to the forum selection clause.[11]

D.  <u>The Wrongful Discharge Claim Is Not Barred By The Forum Selection Clause Because It Is Not Necessary To Interpret The Employment Contract To Resolve Such Claim</u>

Plaintiff's fourth cause of action is for wrongful discharge in violation of the public policy of the State of California. As alleged in the first amended complaint, Plaintiff alleges that 4Access

---

[11] Paragraph 6.4 of the Employment Contract provides that such contract is to be governed by Illinois law. By his third cause of action, Plaintiff seeks to vindicate his rights under the California Labor Code and the fundamental public policy of the State of California. Consequently, the law governing the Employment Contract is inconsistent with the legal basis for Plaintiff's third cause of action, demonstrating further why interpretation of the Employment Contract is not required for – and indeed incompatible with – adjudication of the third cause of action.

terminated his employment in retaliation for Plaintiff's filing of *Popescu I*. [First Amended Complaint ¶¶ 50-51.] It is not necessary for the Court to interpret the Employment Contract to adjudicate Plaintiff's Wrongful Discharge Claim.

Given that Plaintiff was an at will employee once the term of the Employment Contract expired, 4Access could terminate Plaintiff for any reason or for no reason at all. As the California Supreme Court explained in <u>Gantt v. Sentry Insurance</u>, 1 Cal.4th 1083, 1094 (1992), "while an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." [<u>See</u> <u>also</u> <u>Tameny v. Atlantic Richfield Co.</u>, 27 Cal.3d 167, 172 (1980).]

The language of the Employment Contract parallels California law with respect to the termination of Plaintiff during the at-will period. As the Court will recall, the Employment Contract defines the term of Plaintiff's employment as the "Contractual Employment Period (the period when the Employment Contract was in effect) and the "At Will Employment Period" (the period of employment following the expiration of the term of the Employment Contract). Paragraph 3.1 of the Employment Contract provides that Plaintiff's employment could be terminated during the At Will Employment Period for cause or without cause upon appropriate notice.

As can be seen from the foregoing, 4Access did not need a reason to terminate Plaintiff's employment. But what 4Access could not do is what Plaintiff alleges was done – terminate Plaintiff in retaliation for filing the *Popescu I* litigation. Because 4Access could terminate Plaintiff "for no reason, or for an arbitrary or irrational reason," there is no need in this case to interpret the Employment Contract to determine whether 4Access had a legitimate reason to terminate Plaintiff – it does not matter why 4Access terminated Plaintiff so long as it was not in retaliation for the filing of *Popescu I*.

So, the single, sole and only question required for the adjudication of Plaintiff's Wrongful Discharge Claim is whether 4Access did in fact terminate Plaintiff in retaliation for the filing of the *Popescu I* case.  The answer to such question will not be found by interpreting the Employment Contract in any way, but rather by the documentary evidence and testimony about the reason for Plaintiff's termination.[12]  [*See* Tameny, supra, 27 Cal.3d at 176 (employer's obligation to refrain from discharging an employee in violation of public policy does not depend upon any express or implied promises in the employment contract).]  Consequently, because interpretation of the Employment Contract is not required for the adjudication of Plaintiff's Wrongful Discharge Claim, the forum selection clause in the Employment Contract does not apply to the Wrongful Discharge Claim and there accordingly is no basis to dismiss such claim on venue grounds.

E. <u>The Stock Options Claim Is Not Barred By The Forum Selection Clause Because It Is Not Necessary To Interpret The Employment Contract To Resolve Such Claim</u>

Plaintiff's fifth cause of action seeks to vindicate his right to receive 4Access stock pursuant to a series of written stock options issued by 4Access to Plaintiff.  Copies of such stock options are submitted herewith as Exhibit 2.  As the Court will see when it reviews Exhibit 2, it is not necessary for the Court to interpret the Employment Contract in order to adjudicate Plaintiff's rights under the written stock options issued by 4Access.  Consequently, the forum selection

---

[12]  The analysis in this case might be different if the Employment Contract provided that Plaintiff could only be terminated for cause during the At Will Employment Period, or if the Employment Contract otherwise specified the grounds that would support Plaintiff's termination during the At Will Employment Period.  For example, Paragraph 3.2 of the Employment Contract details the circumstances that constitute cause for termination during the Contractual Employment Period.  If the Employment Contract required cause for termination during the At Will Employment Period, the Court might be required to interpret the Employment Contract to determine whether cause for Plaintiff's termination existed.  But because 4Access did not require cause to terminate Plaintiff

1  clause in the Employment Contract has no application to Plaintiff's fifth cause of action and does

2  not provide any basis for dismissal.

3  **III.  IF THE COURT DETERMINES THAT ANY OF THE CLAIMS IN THE FIRST**

4  **AMENDED COMPLAINT ARE SUBJECT TO THE FORUM SELECTION**

5  **CLAUSE, PLAINTIFF REQUESTS TRANSFER RATHER THAN DISMISSAL**

6

7  The forum selection clause in the Employment Contract (Paragraph 6.6) provides that any

8  judicial proceedings "under" the Employment Agreement shall be brought in the Circuit Court of

9  Cook County, Illinois or the United States District Court for the Northern District of Illinois,

10 Eastern Division.  Consequently, the federal court for the Northern District of Illinois provides an

11 alternative forum for any claims that may be covered by the forum selection clause.

12  For the reasons discussed herein, venue for all of the claims in Plaintiff's first amended

13 complaint is proper in this judicial district and the forum selection clause in the Employment

14 Contract does not apply to any of the claims in the first amended complaint.  Consequently, the

15

16 present motion should be denied as to all of the causes of action in the first amended complaint.

17 /././

18 /././

19 /././

20 /././

21

22 /././

23 /././

24 /././

25 /././

26

27 during the At Will Employment Period, such interpretation of the Employment Contract is not required.

28

*PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE*

- 15 -

1  However, to the extent that the Court concludes that any of the causes of action in the first
2  amended complaint are subject to the forum selection clause, Plaintiff asks that the Court transfer
3  such claims to the United States District Court for the Northern District of Illinois, Eastern
4  Division pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a) instead of dismissing such
5  claims.

DATED: May 19, 2008                    THE AFFINITY LAW GROUP APC

By: */s/ Gregory P. Goonan*
Gregory P. Goonan
Attorneys for Plaintiff
VAL POPESCU
E-mail: ggoonan@affinity-law.com

**Certificate of Service**

The undersigned hereby certifies that on this 19th day of May 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

>Douglas J. Rovens
>Jeffrey S. Renzi
>Squire Sanders & Dempsey LLP
>555 South Flower Street, Suite 3100
>Los Angeles, CA  90071-2300
>Attorneys for Defendant 4Access Communications Company

>*/s/ Gregory P. Goonan*
>Gregory P. Goonan